UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| J & S OIL CO., INC., )<br> )<br>      Plaintiff    )<br> )<br>vs.                                 )<br> )<br>HDI-GERLING AMERICA    )<br>INSURANCE COMPANY,      )<br> )<br>      Defendant | Case No: |

**COMPLAINT**

NOW COMES Plaintiff J & S Oil Co., Inc. and complains against HDI-Gerling America Insurance Company as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff J & S Oil Co., Inc. (hereinafter "J&S") is a Maine corporation duly authorized under the laws of the State of Maine with headquarters located at 867 Western Avenue, Manchester, Maine. J&S also has other facilities located in Winslow, Waterville, Augusta, Lewiston, Auburn, and Topsham, Maine.

2. Defendant HDI-Gerling America Insurance Company (hereinafter "HDI-Gerling") is a corporation duly authorized under the laws of the State of Illinois and authorized to do business in the State of Maine. HDI-Gerling is a wholly owned subsidiary of the German Insurance Group HDI-Gerling. HDI-Gerling has a principal place of business at, and is domiciled in, Chicago, Illinois.

3. HDI-Gerling issued a commercial automobile insurance policy to J&S designated as Policy No. EAGCD000025012 (hereinafter "the policy") with a policy period of March 1,

1

2012 through March 1, 2013.  At all times relevant to this Complaint, said policy was in full force and effect.

4. The HDI-Gerling policy issued to J&S was issued through Energi Insurance Services, who acted as agent for HDI-Gerling and whose name appears on the policy.

5. Jurisdiction is appropriate before the United States District Court for the District of Maine since Plaintiff and Defendant are citizens of different states and the amount in controversy in this matter exceeds $75,000.  See 28 U.S.C. § 1332.

6. Venue is appropriate in this court pursuant to U.S.C. § 1391(b)(2), as the events or omissions giving rise to this claim occurred within this judicial district.

7. On or about March 7 or 8, 2012 there was a release of approximately 1500 gallons of used motor oil from a tanker trailer located at Plaintiff's facility in Manchester, Maine.

8. The HDI-Gerling policy issued to J&S provides that liability coverage applies to any "auto" as defined by the policy.

9. The term "auto" is defined by the policy to mean a land motor vehicle, "trailer" or semi-trailer designed for travel on public roads.  In turn, the term "trailer" includes a semi-trailer.

10. The tanker trailer which was the source of the discharge of oil referenced above was an "auto", as that term is defined by the policy.

11. The tanker trailer which was the source of the discharge of oil referenced in Paragraph 7, above, was designed for use over the roads, was purchased as an over-the-road trailer, was intended for the transport of cargo by and between J&S locations, and, after this loss, was sold to a third party who registered it and operated it over the public highways.

12. As a result of the discharge referenced in Paragraph 7, above, J&S was requested and ordered to comply with statutory and regulatory requirements requiring it test for, monitor,

clean up, remove, contain, treat, detoxify and/or neutralize and further to respond to the effects of "pollutants."

13. Both the Maine Department of Environmental Protection and the United States Environmental Protection Agency required J&S to respond to the loss in question and pay for testing, monitoring, clean-up, removal, containment, treatment, and neutralization of "pollutants."

14. The discharge of oil referenced in Paragraph 7 above, constituted "pollutants" as defined by the policy.

15. The policy provides that HDI-Gerling will pay all sums an insured legally must pay as a "covered pollution cost or expense" to which the insurance applies.

16. J&S incurred substantial costs and expenses in responding to the oil discharge referenced in Paragraph 7, above, including costs for testing, monitoring, clean-up, removal, containment, treatment, and neutralization and well as further response and assessment costs relating to the pollutants discharged as set forth in Paragraph 7, above.

17. The discharge of oil referenced in Paragraph 7, above, caused damage not only to the premises owned by J&S, but also to neighbors adjoining J&S.

18. The policy provides coverage to J&S for reimbursement of J&S costs, fees and expenses incurred in responding to the oil discharge set forth in Paragraph 7, above.

19. J&S has made timely and appropriate demand for reimbursement from HDI-Gerling under the policy for the costs incurred in responding to the discharge of pollutants alleged in Paragraph 7, above.

20.     Despite demand, HDI-Gerling has refused and continues to refuse to pay for the costs of response to the discharge of pollutants incurred by J&S with regard to the discharge referenced in Paragraph 7 above.

## COUNT I

21.     J&S repeats and realleges with the same force and effect as if set forth in full herein its allegations contained in Paragraphs 1 through 20 of Plaintiff's Complaint.

22.     The policy provides coverage for J&S's costs incurred in responding to the discharge of pollutants referenced in Paragraph 7, above.

23.     J&S denies that the policy covers J&S's claim for reimbursement for costs incurred in responding to the discharge of pollutants as set forth in Paragraph 7 above.

24.     The parties disagree as to whether coverage is provided by the policy for the J&S claim arising from its response costs to the discharge of pollutants set forth in Paragraph 7, above.

25.     J&S requests that the court declare the meaning of the terms of the policy, and in particular declare that HDI-Gerling is responsible, pursuant to the policy, to reimburse and pay for J&S's response.

WHEREFORE, J&S demands judgment in its favor and against HDI-Gerling, and for a declaration that HDI-Gerling has coverage under the policy for J&S's claim for response costs relating to the discharge of pollutants set forth above, as well as for such other further relief as the court deems proper, including an assessment of costs and attorney's fees in favor of J&S.

## COUNT II

26.     J&S repeats and realleges with the same force and effect as if set forth in full herein its allegations contained in Paragraphs 1 through 25 of Plaintiff's Complaint.

27. J&S has incurred substantial costs and expenses which constitute "covered pollution cost or expense" as defined by the policy.

28. HDI-Gerling has refused to pay J&S's claim for "covered pollution cost or expense" under the policy.

29. HDI-Gerling's refusal to pay the J&S claim for covered pollution cost or expense is a breach of its contract and insurance policy with J&S.

30. HDI-Gerling's breach of its insurance policy has caused significant damage to J&S, including financial loss incurred in responding to the discharge of pollutants as set forth in Paragraph 7, above, as well as additional consequential damages including costs in dealing with state and federal authorities, costs in completing its response to the discharge of pollutants set forth above, and costs in pursuing this claim, including attorney's fees.

WHEREFORE, J&S demands judgment in its favor and against HDI-Gerling for such sums as are reasonable on the premises, including but not limited to all of its covered pollution cost or expense as defined by the policy, as well as for such further and other relief as this court may deem appropriate, including but not limited to costs and attorney's fees.

## COUNT III

31. J&S repeats and realleges with the same force and effect as if set forth in full herein its allegations contained in Paragraphs 1 through 30 of Plaintiff's Complaint.

32. J&S's use of the trailer in question was known to HDI-Gerling, either directly and/or through its agent, Energi, as was J&S's desire and request that coverage be provided for the trailer in question.

33. HDI-Gerling has waived its right to deny and /or is estopped from denying coverage for J&S's claim for "covered pollution costs or expense" as defined by the policy.

WHEREFORE, J&S demands judgment in its favor and against HDI-Gerling for such sums as are reasonable on the premises, including but not limited to all of its "covered pollution cost or expense" as defined by the policy, as well as for such further and other relief as this court may deem appropriate, including but not limited to costs and attorney's fees.

Dated at Portland, Maine, this 13th day of January, 2014.

/s/ James M. Bowie
James M. Bowie, Esq. (Bar No. 185)
Attorney for Plaintiff J&S Oil Co., Inc.

**THOMPSON & BOWIE, LLP**
Three Canal Plaza
P. O. Box 4630
Portland, ME  04112
(207) 774-2500

## CERTIFICATE OF SERVICE

   I, James M. Bowie, hereby certify that on January 13, 2014 I electronically filed the within document with the Clerk of the Court via e-mail at <u>newcases.bangor@med.uscourts.gov</u> using the CM/ECF system which will send a notification of such filing(s) to such counsel as have entered an appearance in this matter.

   Dated at Portland, Maine, this 13th day of January, 2014.


                 */s/ James M. Bowie*
                 James M. Bowie, Esq. (Bar No. 185)
                 Attorney for Plaintiff J&S Oil Co., Inc.

**THOMPSON & BOWIE, LLP**
Three Canal Plaza
P. O. Box 4630
Portland, ME  04112
(207) 774-2500